# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2329

_____

United States of America

*Plaintiff - Appellee*

v.

Kelly Conwell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: March 7, 2018
Filed: March 21, 2018
[Unpublished]

_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Kelly Conwell, who was found incompetent to stand trial under 18 U.S.C. § 4241(d) on charges involving threatening government employees, appeals the

district court's[1] order civilly committing him under 18 U.S.C. § 4246, which provides for the hospitalization of a person who is found—by clear and convincing evidence after a hearing—to be suffering from a mental disease or defect such that his release would create a substantial risk of bodily injury to another person or serious damage to the property of another. See United States v. Williams, 299 F.3d 673, 676 (8th Cir. 2002). Conwell challenges the sufficiency of the evidence justifying his commitment.

Having reviewed for clear error the district court's factual determinations, see id., we affirm. Specifically, the district court's commitment order is supported by the opinions of the mental health experts who assessed Conwell at the United States Medical Center for Federal Prisoners in Springfield, Missouri—where he is presently confined for treatment—and the opinion of the independent psychological examiner that Conwell is suffering from a serious mental illness such that he meets the criteria for § 4246 commitment, in part because of his history of assaultive behaviors, his social isolation, his past alcohol and drug use, his failure to take medications for three years prior to his most recent offense, and his continuing delusions about a plan by the government to retaliate against him despite medication compliance. See Williams, 299 F.3d at 677–78; United States v. Ecker, 30 F.3d 966, 970 (8th Cir. 1994) (listing suggested factors in determining potential dangerousness). We note that the Attorney General must continue its efforts to place Conwell in a suitable state facility and prepare annual reports concerning his condition and the need for continued commitment. See 18 U.S.C. §§ 4246(d), 4247(e)(1)(B).

The judgment is affirmed, and counsel's motion to withdraw is granted.

_____

_____

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable David P. Rush, United States Magistrate Judge for the Western District of Missouri.